### 33197. Benton *v.* The State.

Gardner, J. The defendant, Ed Benton, was convicted of assault with intent to murder. His motion for a new trial was overruled, and he assigns error here. There were three eye-witnesses to the shooting, who testified. From the evidence, the jury were authorized to find that the defendant lived on the farm of Mr. C. A. Clark in the capacity of a cropper. The shooting occurred on Sunday afternoon about dark. Mr. Clark had, on that afternoon, ridden a horse to inspect certain timber which he contemplated buying. When he returned, and while he was unsaddling his horse, the defendant, who lived about 500 yards in front of Mr. Clark, came to Mr. Clark's house for the purpose of borrowing $1.50. Mr. Clark informed the defendant that he did not have $1.50 in change, but that he did have $5 which he let the defendant have, the defendant promising to return the change the next morning. During the conversation, Mr. Clark informed the defendant that he wanted to look for some cotton pickers, whereupon Mr. Clark stated that he would come by the defendant's house. In about fifteen minutes Mr. Clark and his wife and grandbaby drove their car by the defendant's house. The defendant's wife, with whom he was not living, was at the defendant's house, together with one Moore and his wife. Mr. Clark informed the defendant that he was ready to go. The defendant asked his estranged wife to go also. She refused to go. Then it seems that for some reason or other the defendant became enraged. Mr. Clark, during the meantime, had asked the defendant's estranged wife about picking some cotton. The defendant then said he would not go because he was going to kill him a man or two that night. Thereupon, the defendant ran into his house, obtained a single barrel shotgun, and ran out of the house and shot Mr. Clark through the thigh, and then fled. Mr. Clark was taken to the hospital where he remained for some time.

Moore, who was present, testified substantially as did Mr. Clark. Mrs. Clark testified as did Mr. Clark, execpt she stated that when the defendant made the remark about killing several men, that her husband said there was no --- ---- use in the defendant acting that way,—that he told him to straighten up so he could go to work the next morning. The defendant owed Mr. Clark about $200. They had never had a cross word during the year. The shooting occurred on or about the 7th day of February, 1949. About a week after the shooting the defendant was apprehended in Birmingham, Alabama. A shotgun was located not far from the scene of the shooting, hidden under a log in a pond. This shotgun was identified by a witness for the State, as similar to the gun the defendant owned. It was introduced in evidence,

over objection of the defendant. The defendant introduced no witnesses, but made his statement in which he claimed that Mr. Clark had, on several occasions, entered the defendant's house and cursed and abused the defendant, and that he shot Mr. Clark while Mr. Clark had his foot on the steps of the defendant's house and was cursing in the presence of the defendant's wife, and that the defendant shot in order to prevent Mr. Clark from entering the defendant's house. Mr. Clark denied the defendant's statement, and stated that the defendant had been drunk off and on practically all the year. So far as the general grounds are concerned, the evidence abundantly supports the verdict.

The only other assignment of error is to the admission of the shotgun in evidence, for the reason that it was not sufficiently proved that that was the gun with which the defendant shot Mr. Clark. We may concede that it was not. Still it makes no difference. The defendant admitted the shooting, claiming that it was in defense of his person and his home. It, therefore, appears to be immaterial whether this shotgun which was introduced in evidence was the same shotgun which was used in shooting Mr. Clark.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED OCTOBER 19, 1950. REHEARING DENIED DECEMBER 12, 1950.

*W. A. Wells Jr., H. Alonzo Woods,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.